# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **NAOMI SMITH,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: **7:11-CV-02311-RDP** |
| } | |
| **SECURITAS SECURITY SERVICES** } | |
| **USA, INC., et al.** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION AND ORDER

The court has before it the Motion to Dismiss (Doc. #5) filed by Defendant Buchanan Hardwood Flooring, LLC on July 18, 2011. Pursuant to the court's order of July 19, 2011 (Doc. #6), the Motion to Dismiss (Doc. #5) is now under submission and is considered without oral argument.

Having considered the briefs and evidentiary submissions, the court finds that the motion to dismiss (Doc. #5) is due to be denied for the reasons set out below.

**I.    Background**

Plaintiff Naomi Smith filed a complaint in this court on June 28, 2011 alleging violations of rights secured by 42 U.S.C. § 2000e *et seq.*, specifically claiming gender discrimination, sexual harassment, hostile environment, and retaliation in employment. (Compl., ¶ 1). Two defendants are named in the complaint – Securitas Security USA, Inc. ("Securitas") and Buchanan Hardwood Flooring, LLC ("Buchanan"). (Compl., ¶¶ 3, 4). Each individual defendant is alleged to be an employer as defined by Title VII of the Civil Rights Act of 1964. (Compl., ¶¶ 3, 4). Plaintiff purports to bring the action "for the unlawful employment practices and acts of intentional

discrimination that occurred at Securitas Security USA, Inc. **_and_** Buchanan Hardwood Flooring, LLC." (Compl., ¶ 6) (emphasis added).

Plaintiff is described as a night shift security guard for Securitas assigned to a location for Buchanan. (Compl, ¶ 13, 14). Her Securitas supervisor, Donald Lanier, is the alleged harasser. (Compl., ¶¶ 15-24). After Lanier's employment with Securitas was terminated, he was allegedly "immediately hired by Defendant Buchanan." (Compl., ¶ 33). Plaintiff charges both defendants with: (1) Count One – Gender Harassment and Hostile Environment; and (2) Count Two – Retaliation. Defendant Buchanan contends that no cognizable claims have been asserted against it because Plaintiff was never an employee of Buchanan. (*See* Doc. #5).

## II.   Standard of Review

Defendant has challenged the sufficiency of Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). A court may dismiss a complaint under Rule 12(b)(6) if a plaintiff fails to provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). That is, if a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.*

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."

*Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (citing *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc)). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original). Nevertheless, conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *see Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) ("[A] plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim. We will thus not accept as true conclusory allegations or unwarranted deductions of fact.") (internal citations omitted); *Kirwin v. Price Commc'ns. Corp.*, 274 F. Supp. 2d 1242, 1248 (M.D. Ala. 2003) ("[A]lthough the complaint must be read liberally in favor of the plaintiff, the court may not make liberal inferences beyond what has actually been alleged."), *aff'd in part*, 391 F.3d 1323 (11th Cir. 2004).

**III.   Analysis**

As Buchanan correctly points out, claims of discrimination, sexual harassment, hostile environment, and retaliation stated under Title VII of the Civil Rights Act can only stand against one's employer. (*See* Doc. #5 at 2-4). Buchanan asserts that Plaintiff Smith has never been employed by Buchanan but rather, at all relevant times, was employed by Securitas and assigned to work at a Buchanan location. (*See* Doc. #5 at 4). "Defendant Buchanan played no role in Plaintiff's employment." (Doc. #5 at 4). Indeed without an employer-employee relationship in place, there can be no basis for liability on the part of Buchanan for any of the claims presented by Plaintiff. *See,*

*e.g., Burlington Indust., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998); *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).

Plaintiff counters that Buchanan is a proper defendant on the theory of joint liability. (*See* Doc. #9 at 4-8). Although Plaintiff can not flesh out that theory because of limited knowledge of the interplay of the two companies at this stage of the proceedings, she represents to the court that case law suggests a basis for holding Buchanan liable for the civil rights liabilities alleged in the complaint. (*See generally* Doc. #9 and Exhibit 1 thereto). Based upon the limited briefing before it, the court is skeptical that Plaintiff's claims against Buchanan are plausible, *see Twombly*, 127 S.Ct. at 1974; nevertheless, it declines to grant the motion to dismiss without first giving Plaintiff an opportunity to shore up her claims. Therefore, the Motion to Dismiss (Doc. #5) is due to be denied without prejudice.

**IV.     Conclusion**

For the reasons set out above, Defendant's Motion to Dismiss (Doc. #5) is **DENIED WITHOUT PREJUDICE**. Plaintiff and Defendant Buchanan are **DIRECTED** to engage in discovery solely on the issues raised by the Motion to Dismiss (Doc. #5). That discovery **SHALL** be completed **by October 6, 2011**. Plaintiff is **DIRECTED** to file an amended complaint **as to her allegations concerning Buchanan no later than October 11, 2011 *or***, at her option, to dismiss all claims as currently asserted against Buchanan by that same date. All dates and obligations pursuant to Plaintiff's claims against Securitas remain unchanged by this order.

**DONE** and **ORDERED** this 18th day of August, 2011.

_____

**R. DAVID PROCTOR**

UNITED STATES DISTRICT JUDGE